UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JAMES M. ELEBY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 05 C 4509 |
| v. | ) |  |
|  | ) | Judge John W. Darrah |
| UNILEVER FOOD SOLUTIONS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Eleby, filed suit, *pro se*, against Defendant, Unilever Food Solutions, alleging employment discrimination in violation of the American with Disabilities Act. Presently pending before the Court is Defendant's Motion to Dismiss with Prejudice Pursuant to 28 U.S.C. § 1915(e)(2)(A). Defendant alleges that later admissions in interrogatories are inconsistent with statements in Eleby's *in forma pauperis* ("IFP") application filed in support of his Motion to Appoint Counsel; and those portions of the IFP application were demonstrably false on August 8, 2005.

Eleby filed an IFP application in support of his Motion for Appointment of Counsel, acknowledging he was answering the questions "to proceed without full prepayment of fees" and "in support of my motion for appointment of counsel . . . under penalty of perjury." (Emphasis in original).

Question No. 3 of the IFP application asked, in pertinent part:

> Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same address received more than $200 from any of the following sources? *Mark an X in either "Yes" or "No", and then check all boxes that apply in each category.*
>
> a.    Salary or wages      ☐Yes     ☐No
> Amount _____      Received by_____
>                              * * *
>
> c.    ☐ rent payments, ☐ interest or ☐ dividends   ☐Yes   ☐No
> Amount _____      Received by_____
>
> d.    ☐ Pensions . . . ☐ disability . . . .      ☐Yes   ☐No
> Amount _____      Received by_____
>
> e.    ☐ Gifts or ☐ inheritances      ☐Yes   ☐No
> Amount _____      Received by_____
>
> f.    ☐ Any other sources (state source: ____)   ☐Yes   ☐No
> Amount _____      Received by_____

Eleby responded to Question No. 3 that he received $1,360 per month in social security benefits to subpart (a); that he received $650 in rental payments from "Landlord" to subpart (c); that he received $1,360 per month in social security benefits to subpart (d). He checked "No" for subparts (e) and (f).

Eleby signed his IFP application on August 8, 2005. The following appeared directly above his signature:

> I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

On October 5, 2005, the Court questioned Eleby concerning his answers to Question No. 3 (a), (c), and (d) on his IFP application during a hearing on Eleby's Motion to Appoint Counsel.

Eleby stated that the $650 rental payment was the amount that he paid in rent, not rent that he received. He also clarified that the $1,360 in social security benefits was erroneously listed twice, in both subparts (a) and (d). Based on the IFP application and Eleby's statements in court, the Court granted Eleby's Motion to Appoint Counsel.

During discovery, Eleby provided an amended answer to Defendant's interrogatories. In the amended answer, signed under penalty of perjury, Eleby stated that he had previously owned a residence in Country Club Hills, which was sold on April 19, 2005. Eleby later produced a April 19, 2005 check stub reflecting a payment to Eleby of $2,535.10. Defendant subpoenaed Eleby's bank statements for his account disclosed in discovery, which disclosed several other deposits within eight months of Eleby's IFP application. The deposits, totaling $7,135.64, were: December 20, 2004 - $231.98; February 28, 2005 - $713.00; April 1, 2005 - $1,000.00; April 11, 2005 - $500.00; April 19, 2005 - $2,535.10; May 13, 2006 - $905.56; July 12, 2005 - $650.00; July 28, 2005 - $300.00; and August 4, 2005 - $300.00 (the last deposit was made four days before Eleby signed the IFP application). These amounts were not disclosed on Eleby's IFP application.

Eleby filed an affidavit in response to Defendant's Motion to Dismiss, wherein he claims that his failure to disclose $7,135.64 was "an honest mistake," that he "did not recall" these deposits because, at the time he completed the IFP application, he "did not have [his] checking account statement, nor other financial records on [his] person." He further averred that he "did not realize that he was being asked to list any sums of monies received in excess of $200 " when he completed the IFP application.

Section 1915(e)(2)(A) provides that "the court *shall* dismiss the case at any time" if the allegation of poverty by a plaintiff is found to be false. 28 U.S.C. § 1915(e)(2)(A) (emphasis added). The court must dismiss a pending suit under these circumstances. *See Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (*Thomas*).

Whether this dismissal is with or without prejudice is left to the discretion of the court. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (*Mathis*). While attaching prejudice is not automatic, the purpose of an IFP application is to encourage forthrightness and discourage fraud on the court. Eleby cannot be excused from failing to honestly and truthfully completing the IFP application based on his excuse that he made a "mistake" and because he did not recall he had this money in his bank account and did not have the bank records available. Eleby was asked, at Question 3 of the IFP application, to disclose any additional money he received in excess of $200. His answer was that he received no such money. At this time, he had received in excess of $7,000 of additional funds. His explanation for failing to do so is not credible. The IFP application clearly and unambiguously asks questions, as set out above, which reasonably required the applicant to disclose the information Eleby withheld. Moreover, the application clearly set out the requirement that information be true and correct (which includes complete), as well as the penalty for failure to do so. Based on the above, dismissal of Eleby's Complaint is with prejudice. *See Mathis*, 133 F.3d at 547-48 (affirming dismissal with prejudice although plaintiff averred that errors in IFP application were inadvertent errors); *Thomas*, 288 F.3d at 306-07 ("Dismissal with prejudice may have been the only feasible sanction . . . Dismissal without prejudice would have been no sanction at all . . . .").

For the foregoing reasons, Unilever's Motion to Dismiss with Prejudice is granted. Plaintiff's Complaint is dismissed with prejudice.

Dated: March 3, 2006

JOHN W. DARRAH
United States District Court Judge