# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES M. ELEBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 4509 |
| v. | ) |
| | ) Judge John W. Darrah |
| UNILEVER FOOD SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James M. Eleby, filed suit against Defendant, Unilever Food Solutions[1], alleging employment discrimination in violation of the American with Disabilities Act. On March 2, 2006, the Court granted Defendant's motion to dismiss with prejudice and entered judgment in Defendant's favor. Presently pending before the Court is Defendant's Bill of Costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of paper necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) *(Weeks)*. "The

---

[1] Plaintiff has incorrectly named the Defendant as "Unilever Food Solutions." The Defendant's proper name is "Conopco, Inc. d/b/a Unilever Food Solutions - North America."

presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F. 3d at 945.

Defendant seeks a total of $1,758.90, and the Plaintiff has filed no response. In support of its costs, Defendant has attached a general itemized list of costs it seeks to recover. The categories of requested costs are addressed below.

Defendant seeks reimbursement for copying costs. The itemized list of costs identifies these costs as "all discovery requests and responses served on Plaintiff" and then indicates that 1,805 pages were copied. The charge for each copy is $0.20. "Copy costs necessarily obtained for use in the case are authorized under 28 U.S.C.A.§ 1920(4). Included in the category of costs reasonably necessary for use in the case are copies attributed to discovery." *American Auto Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (*Fishman*); *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D. Ill. Mar. 3, 1999).

Based on the above, Defendant is awarded $361.00 in copy costs.

Defendant seeks costs for the deposition of James M. Eleby. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F. 3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript and $0.55 per page for each additional copy to the same party. In addition, a party may recover court reporter deposition attendance fees, as long as they indicate the number of hours spent by the court reporter or the hourly rate charged. *See Alexander v. CIT Tech Fin.*

2

*Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Held v. Held*, 137 F. 3d 998, 1002 (7th Cir. 1998). Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander,* 222 F. Supp. 2d at 1090; *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt.20.9.4.

Defendant seeks deposition costs in the amount of $830.80. The invoice for the deposition indicates a charge of $3.30 per page for the original 176 pages, for a total of $580.80. These costs are recoverable at this rate. In addition, the invoice indicates a charge of $40.00 per hour for six hours of the court reporter's attendance, for a total of $240.00. Since the number of hours is stated in the invoice, these charges are recoverable. However, Defendant also seeks delivery costs of $10.00 in association with the depositions. Ordinary business costs, such as delivery and postage, are not recoverable. Accordingly, those costs are denied.

Based on the above, Defendant is awarded $820.80 in deposition costs.

Defendant seeks reimbursement for the following photocopying costs: (1) $117.00 for photocopying costs charged by the United States Treasury in connection with its production of tax returns for the years 2002, 2003, 2004 (the rate per tax return is $39.00); (2) $40.00 for photocopying costs charged by the Social Security Administration; and (3) $40.00 for photocopying costs charged by the Illinois Department of Employment Security. All of these documents were relevant to this case. Pursuant to Fed. R. Civ. P. 54(d)(4), the Defendant can recover the fees for copies of papers necessarily obtained for use in the case.

Based on the above, Defendant is awarded $117.00 in photocopying costs for the production of the tax returns, $40.00 for photocopying costs charged by the Social Security

Administration, and $40.00 for photocopying costs for production of documents by the Illinois Department of Employment Security.

Defendant seeks reimbursement for photocopying costs charged by LaSalle Bank. LaSalle Bank charges $20.00 per hour for research and retrieval of documents. Defendant incurred costs of $150.00 for 7.5 hours. In addition, LaSalle Bank charges $0.30 per copy for all documents copied after retrieval. Defendant incurred costs of $140.10 for 467 copies. Plaintiff's bank statements were relevant to this case. Pursuant to Fed. R. Civ. P. 54(d)(4), the Defendant can recover its fees for copies of paper necessarily obtained for use in the case.

Based on the above, Defendant is awarded $290.10 for photocopying and research costs charged by LaSalle Bank.

Defendant seeks reimbursement in the amount of $40.00 for photocopying costs charged by American Health & Life Insurance Company. Plaintiff's insurance records were relevant to this case. *See Alexander*, 222 F. Supp. 2d. at 1091; 28 U.S.C.A.§ 1920(4); Fed. R. Civ. P. 54(d). Accordingly, Defendant is awarded $40.00 for photocopying costs charged by American Health & Life Insurance Company.

Lastly, Defendant seeks reimbursement in the amount of $40.00 in photocopying costs charged by Asklepios Medical Group. The Plaintiff's medical history was relevant to this case since Plaintiff was seeking damages pursuant to an employment discrimination claim based on

the Disability Act. *See Alexander*, 222 F. Supp. 2d. at 1091; 28 U.S.C.A.§ 1920(4); Fed. R. Civ. P. 54(d). Defendant is awarded $40.00 for photocopying costs charged by Asklepios Medical Group.

For the foregoing reasons, Defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded $1,748.90 in costs.

Date: June 20, 2006

JOHN W. DARRAH
Unites States District Court Judge